USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/30/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEE ANN HALSTEAD,          :
                           :
                           :
             Plaintiff,    :
                           :         **OPINION AND ORDER**
   -v-                     :
                           :         17-CV-9713 (JLC)
COMMISSIONER OF SOCIAL SECURITY, :
                           :
             Defendant.    :
                           :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiff Lee Ann Halstead, who is represented by counsel, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits and Supplemental Security Income benefits. The Commissioner moves to dismiss the complaint on the ground that it was not timely filed. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

Halstead applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on November 12, 2013. *See* Declaration of Michael Sampson dated June 4, 2019 ("Sampson Decl."), Dkt. No. 23, Exhibit 1 ("Ex. 1") at ECF page number 4.[1] The application was denied, and Halstead requested a

---

[1] The Commissioner submitted the Sampson Declaration in support of his motion. Sampson is the Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration. Sampson Decl. at 1.

hearing, which was held on February 20, 2014. *Id.* Thereafter, the Administrative Law Judge ("ALJ") denied Halstead's claim in a decision issued on August 23, 2016. *Id.* at ¶ 3(a), Ex. 1.[2]

Halstead then sought review of the ALJ's decision, and on September 25, 2017, the Appeals Council sent Halstead a letter (the "Council Letter") denying her request for review and informing her that she had 60 days from the receipt of the letter to file a civil action in federal court. *Id.* at 3(a), Ex. 2.[3] The Council Letter further stated that the date of the receipt was assumed to be five days after the date

---

[2] In light of the Court's determination that the Commissioner's motion is properly made on the basis of Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see infra* pp. 4–5, the Court cannot consider materials outside of the Complaint without converting the motion into one for summary judgment under Rule 56. *See Global Network Commc'ns. Inc. v. City of New York*, 458 F.3d 150, 154–55 (2d Cir. 2006). However, the Court can properly consider the ALJ's Decision attached to the Sampson Declaration, which is not part of the Complaint, because Halstead had actual notice of the ALJ's Decision—indeed, it was addressed to her—and the document is integral to her claim in that Halstead has relied on the effects of the ALJ's Decision in drafting her Complaint. *See Rodriguez ex rel. J.J.T. v. Astrue*, No. 10-CV-9644 (PAC) (JLC), 2011 WL 7121291, at *1 n. 2 (S.D.N.Y. July 25, 2011) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)), adopted by 2012 WL 292382 (S.D.N.Y. Jan.31, 2012); *see also Int'l Audiotext Network, Inc. v. AT & T*, 62 F.3d 69, 72 (2d Cir. 1995) (although court limited to facts as stated in complaint, it may consider documents incorporated by reference without converting motion to one for summary judgment). Furthermore, the Court's consideration of the ALJ's Decision is proper to the extent that Halstead referred to it in the Complaint. *See Chambers*, 282 F.3d at 152–53 (citations omitted); Amended Compl. ¶ 6 (alleging that "[t]he Social Security Administration disallowed plaintiff's application" in the ALJ's Decision).

[3] Halstead attached the Council Letter to her Complaint as required by the Southern District form, and it is properly considered under Rule 10(c) of the Federal Rules of Civil Procedure. For clarity, when citing to the Council Letter, I will cite to it as "Council Letter" and use the corresponding page numbers of the three-page letter itself.

2

of the letter unless Halstead could show that she did not receive it within the five-day period. *Id*. at 2. The Council Letter was sent to Halstead at her Clay Avenue address in the Bronx, the same address as the one listed in her Complaint. *Id*. at 1.

Halstead, represented by counsel Vivian Mortimer Williams, filed her Complaint on December 11, 2017. Dkt. No. 1. Halstead filed an amended complaint with her social security number redacted on January 15, 2018 ("Amended Compl.," Dkt. No. 7) following an order by the Honorable Ronnie Abrams, to whom this case was originally assigned, directing her to do so (Order dated January 11, 2018, Dkt. No. 6).[4] After Halstead failed to serve defendant for several months, on July 25, 2018, Judge Abrams issued an Order directing Halstead to serve defendant by August 10, 2018, or the Court would dismiss the case. Order dated July 25, 2018, Dkt. No. 10. On August 14, 2018, Judge Abrams granted Halstead's request for an extension of time for service of the summons and complaint. Order dated August 14, 2018. Dkt. No. 17. Following plaintiff's failure to effect service, Judge Abrams issued two subsequent orders directing plaintiff to file an affidavit of service by April 19, 2019, and then by May 10, 2019. Order dated April 15, 2019, Dkt. No. 19; Order dated May 7, 2019, Dkt. No. 20. On May 10, 2019, Halstead filed an affidavit of service demonstrating that defendant had been served on March 11, 2019. Affidavit of Service, Dkt. No. 21.

---

[4] The original complaint is not available on the docket but Judge Abrams' order states that it was filed on December 11, 2017. Dkt. No. 6.

On June 10, 2019, the Commissioner moved to dismiss the complaint as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Commissioner's Memorandum of Law dated June 10, 2019, Dkt. No. 25. By consent form dated September 26, 2019, all parties consented to my jurisdiction to conduct all proceedings and order the entry of a final judgment. Dkt. No. 28. On September 30, 2019, I directed Halstead to respond to defendant's motion by October 15, 2019, or it would be considered unopposed. Order dated September 30, 2019, Dkt. No. 29. Halstead did not file any response.

## II. DISCUSSION

### A. Standard of Review

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Pressley v. Astrue*, No. 12-CV-8461 (NSR) (PED), 2013 WL 3974094, at *4 (S.D.N.Y. Aug. 2, 2013) (citing *Rodriguez ex rel. J.J.T. v. Astrue*, 2011 WL 7121291, at *2). Indeed, Rule 12(b)(6) provides "the most appropriate legal basis" for a motion to dismiss on statute of limitations grounds "because expiration of the statute of limitations presents an affirmative defense." *Twumwaa v. Colvin*, No. 13-CV-5858 (AT) (JLC), 2014 WL 1928381, at *2 (S.D.N.Y. May 14, 2014) (quoting *Nghiem v. U.S. Dep't of U.S. Veterans Affairs,* 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006)), *adopted by* Order dated July 29, 2014 (Dkt. No. 19). The

4

Court, therefore, will consider the Commissioner's motion to dismiss pursuant to Rule 12(b)(6). Accordingly, in deciding the motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

B. Analysis

1. **The Complaint is Untimely**

It is well-established that the United States cannot be sued without its consent. *See, e.g.*, *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009); *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010). Halstead seeks review of the Commissioner's final decision denying her benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which provides the requisite consent to be sued:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such a decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g).

The Act provides that the remedy available under Section 205(g), codified at 42 U.S.C. § 405(g), is exclusive. Specifically, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

5

The Code of Federal Regulations establishes further guidelines regarding the statute of limitations for filing a civil action pursuant to this exclusive remedy provision:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual . . . [T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). "Because this period defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." *Paniagua v. Comm'r of Soc. Sec.*, No. 15-CV-2038 (JCM), 2017 WL 699117, at *2 (S.D.N.Y. Feb. 21, 2017) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)) (citations omitted); *Borrero v. Colvin*, No. 14-CV-5304 (LTS) (SN), 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (requiring dismissal even where delay is "minor")).

Here, the Council Letter informed Halstead that she had 60 days after the receipt of the letter to file a civil action. Council Letter at 2. The Council Letter further provided that, "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." *Id.* at 3. Under the regulation, an applicant is presumed to have received an Appeals Council notice five days after the date of such notice. 20 C.F.R. § 422.210(c). Halstead's Appeals Council Letter was dated September 25, 2017, so she is presumed to have received the letter on

6

September 30, 2017. Council Letter at 1. Accordingly, Halstead's deadline to file was 60 days later, November 29, 2017. However, Halstead did not initially file suit until December 11, 2017, 12 days after the deadline. Many courts in this District have dismissed social security cases under similar circumstances. *See, e.g., Guzman v. Comm'r of Soc. Sec.*, No. 18-CV-10232 (PAE) (KHP), 2019 WL 3346408, at *2 (S.D.N.Y. Apr. 29, 2019), *adopted by* 2019 WL 3337969 (S.D.N.Y. July 25, 2019) (two days late); *Colasuonno v. Berryhill,* No. 18-CV-00641 (PED), 2018 WL 3733953, at *3 (S.D.N.Y. Aug. 6, 2018) (16 days late); *Courtney v. Colvin,* No. 13-CV-2884 (AJN) (JLC), 2013 WL 5652476, at *3 (S.D.N.Y. Oct. 17, 2013), *adopted by* 2014 WL 129051 (S.D.N.Y. Jan. 14, 2014) (seven days late); *Pressley v. Astrue,* No. 12-CV-8461 (NSR) (PED), 2013 WL 3974094, at *2–3 (S.D.N.Y. Aug. 2, 2013) (five days late); *Marquez v. Comm'r of Social Security,* No. 12-CV-8151 (PAE) (SN), 2013 WL 3344320, at *4 (July 2, 2013) (one month late); *Rodriguez ex rel. J.J.T. v. Astrue,* 2012 WL 292382, at *2 (21 days late).

Moreover, Halstead has not provided sufficient evidence to rebut the five-day presumption. To successfully rebut this presumption, a plaintiff must provide "affirmative evidence" that the Appeals Council notice was received more than five days after the date of the notice. *See, e.g., Shine v. Comm'r of Soc. Sec.,* No. 18-CV-960 (PGG) (OTW), 2019 WL 2453357, at *2 (S.D.N.Y. Mar. 21, 2019) (citing *Hall v. Colvin*, No. 14-CV-7731 (PGG) (HBP), 2017 WL 4339664, at *3 (S.D.N.Y. Sept. 29, 2017); *see also* 20 C.F.R. § 422.210(c) (requiring a "reasonable showing to the

7

contrary"). The only evidence Halstead submitted to support her delayed filing is her amended complaint, in which she alleged that she received the notice of denial on October 11, 2017. Amended Compl. ¶ 8.[5] However, the affirmative evidence must be "more than merely assert[ing] that [she] did not receive the notice within five days." *Marte v. Apfel*, No. 96-CV-9024 (LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998); *compare Sherwood v. Berryhill*, No. 17-CV-5015 (GWG), 2018 WL 4473336, at *4–5 (S.D.N.Y. Sept. 18, 2018) (finding plaintiff's sworn testimony of late receipt by itself insufficient); *Rodriguez v. Comm'r of Social Security*, No. 16-CV-02076 (LGS) (BCM), 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017) (finding insufficient *pro se* plaintiff's complaint alleging late receipt without "evidentiary support"); *Marquez v. Comm'r of Social Security*, No. 12-CV-8151 (PAE), 2013 WL 3344320, at *4 (S.D.N.Y. July 2, 2013) (finding insufficient date of receipt in plaintiff's complaint without listing reason for delay) *with Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (rebutting five-day presumption with evidence that defendant mailed notice later); *Duran ex rel. Canfield v. Barnhart*, No. 03-CV-1089 (HB), 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003) (rebutting presumption after evidence of pattern of mailing more than five days after date of letter); *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979) (rebutting presumption

---

[5] If Halstead had provided sufficient evidence to rebut the five-day presumption and establish the October 11 date as the trigger for the running of the statute of limitations, then her complaint filed on December 11 would have been timely, given that the 60th day after October 11 fell on December 10, 2018, a Sunday, and the next business day (*i.e.* Monday, December 11) would have been the last day for a timely filing.

8

where plaintiff established he no longer lived at address to which notice was mailed).

As previously noted, Halstead failed to file any opposition to the Commissioner's motion explaining her delay. The bare assertion of delay as reflected in the listing of the October 11 date in her pleading, without further evidence, is insufficient to rebut the five-day presumption. *See, e.g., Johnson v. Comm'r of Soc. Sec.,* 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007). Furthermore, Halstead does not allege, nor does the record reflect, that she sought an extension of time to file her Complaint. The Complaint is therefore untimely.

### 2. Equitable Tolling is Not Warranted

Although Halstead's Complaint is untimely, the Court can still consider her submission on the merits if the doctrine of equitable tolling applies. *See Bowen*, 476 U.S. at 479. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the [Social Security Administration's] judgment is inappropriate.'" *Id.* at 480 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 329 (1976)). To this end, the Supreme Court has held that the application of the doctrine of equitable tolling to the statutory 60-day requirement is "fully consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress." *Bowen*, 476 U.S. at 480 (quoting *Honda v. Clark*, 386 U.S. 484, 501 (1967)).

Equitable tolling "permits courts to deem filings timely where a litigant can

9

show that '[s]he has been pursuing [her] rights diligently' and that 'some extraordinary circumstance stood in [her] way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Application of the doctrine is appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations, quotations, and alterations omitted); *see also, e.g., Bowen*, 476 U.S. at 481–82 (equitable tolling appropriate where "Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights"); *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (equitable tolling may be warranted for untimely complaint where claimant had mental impairment).

In examining the Complaint in the light most favorable to her, I find that there is nothing in the record before the Court to demonstrate that Halstead has been diligently pursuing her rights or that any "extraordinary" circumstances caused her to file her Complaint after the 60-day period had ended. *See Torres v. Barnhart*, 417 F.3d at 279. It is noteworthy that Halstead failed to file any opposition to the Government's motion to dismiss—a prime opportunity to bring to the Court's attention any extraordinary circumstances that may have contributed to her late filing. *See, e.g., Johnson*, 519 F. Supp. 2d at 448–49 (granting unopposed motion to dismiss and noting that court "may deem [plaintiff's] claims as abandoned" (citing *In re Refco Capital Mkts., Ltd. Brokerage Customer Secs. Litig.*,

No. 06-CV-643 (GEL), 2007 WL 2694469, at *6 (S.D.N.Y. Sept 13, 2007)));
*Colasuonno*, 2018 WL 3733953, at *2 ("Plaintiff has not responded to the motion to dismiss and thus has suggested no reason why the five day presumption should not apply here."). Thus, I find nothing in the record that would entitle Halstead to equitable tolling.

While the result here may be harsh, given that Halstead only missed her filing deadline by 12 days, the 60–day limit is a statute of limitations that must be strictly construed because it is a condition of a sovereign immunity waiver. As the Supreme Court has counseled, it is for Congress and not the courts to modify procedural requirements for obtaining judicial review of administrative decisions. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Ultimately, "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

### III. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is granted and the case is dismissed. The Clerk is directed to mark Docket No. 22 as granted and to close this case.

**SO ORDERED.**

Dated: October 30, 2019
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge